338 P.3d 1232

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Micah Matthew HAUGLAND, Defendant–Appellant.**

No. 39854.

Court of Appeals of Idaho.

Sept. 8, 2014.

Review Dismissed Dec. 17, 2014.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge.

Micah Matthew Haugland appeals from the judgment of conviction entered upon his conditional plea of guilty to felony driving under the influence, Idaho Code §§ 18–8004 and 18–8005(6). Specifically, he challenges the district court's denial of his motion to suppress. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Two officers were operating a crosswalk sting operation. One of the officers, dressed in plain clothes, used a crosswalk to cross a five-lane street[1] at an intersection while the other officer observed from his patrol car to see if vehicles would yield to the officer using the crosswalk. With the officer observing from his patrol car, the plain-clothed officer entered the crosswalk and crossed two lanes of traffic, approaching Haugland's lane of travel. The officer had crossed two travel lanes and was about to enter the turn lane in the middle of the street when Haugland, traveling in the fourth (inside) lane, proceeded through the crosswalk. Haugland was stopped for failing to yield to a pedestrian in a crosswalk. I.C. § 49–702.

Upon initiating the traffic stop, the officer could smell the odor of alcohol coming from inside the vehicle, and Haugland was ultimately arrested for driving under the influence. I.C. § 18–8004. Following a blood draw and a review of Haugland's prior convictions for driving under the influence, the State charged Haugland with felony driving under the influence. I.C. §§ 18–8004 and 18–8005(6).

After his arrest, Haugland filed a motion to suppress evidence, arguing that he was

---

1. The street consisted of two travel lanes for each direction, divided by a turn lane in the center.

not required to yield to the officer in the crosswalk, and therefore the stop was unlawful. Following a hearing on the motion to suppress, the district court concluded the officer had probable cause to detain and cite Haugland for the violation. The district court reasoned that the circumstances of direction, speed, and proximity of Haugland's vehicle and the plain-clothed officer gave rise to a danger of collision which gave the officer the right-of-way in the crosswalk. Accordingly, the district court denied Haugland's motion to suppress. Haugland conditionally pleaded guilty to felony driving under the influence, reserving the right to appeal the denial of his suppression motion. Thereafter, the district court imposed a unified five-year sentence with a three-year determinate term and retained jurisdiction. Haugland timely appeals.[2]

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct.App.1999).

■ A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 1395–96, 59 L.Ed.2d 660, 666–68 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investi-

gate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621, 627–28 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct.App.1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct.App.1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct.App.1988).

■ Here, Haugland was stopped for a suspected violation of Idaho statutes concerning rights-of-way in crosswalks. Idaho law requires that "[w]hen traffic-control signals are not in place … the driver of a vehicle shall yield the right-of-way, slowing down or stopping, if need be, to yield to a pedestrian crossing the highway within a crosswalk." I.C. § 49–702(1). However, a pedestrian shall not "suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute an immediate hazard." I.C. § 49–702(2). "Right-of-way" is defined as "the right of one (1) vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under circumstances of direction, speed and proximity as to give rise to danger of collision unless one grants precedence to the other." I.C. § 49–119(18). Read together, a pedestrian is granted the right-of-way in relationship to a vehicle at an uncontrolled intersection where the direction, speed, and proximity of the pedestrian and the vehicle pose a danger of collision so long as the pedestrian did not suddenly enter into the path of the vehicle.

2. Following the filing of this appeal, Haugland passed away. We will, however, still address the

merits of his appeal.

Haugland challenges the district court's finding that the situation gave rise to a danger of collision, arguing that the district court exclusively relied on the proximity between Haugland's vehicle and the officer crossing the crosswalk, treating the mere proximity as a per se collision risk. In support of this argument, Haugland relies on the observing officer's testimony that there was no "immediate" risk of collision. Haugland's argument fails for two reasons. First, as the district court correctly noted in making its finding, I.C. § 49–119(18) does not impose an immediacy requirement. Instead, the statute requires an analysis of whether the "circumstances of direction, speed and proximity . . . *give rise to danger of collision.*" I.C. § 49–119(18) (emphasis added). Thus, Haugland's reliance on the officer's testimony as to the absence of an *immediate* risk of collision is misplaced. Second, the district court did not exclusively rely on proximity in finding a danger of collision, nor did it treat mere proximity as a per se collision risk. Rather, the district court found that the circumstances of proximity, together with direction and speed, gave rise to a danger of collision such that Haugland was required to yield the right-of-way to the officer. In reaching this determination, the district court construed I.C. §§ 49–702 and 49–119(18) together.

Before analyzing the factors of I.C. § 49–119(18), the court preliminarily found that the officer crossing the crosswalk "did not suddenly leave a curb or other place of safety" in violation of I.C. § 49–702(2). In making this finding, the court noted that the officer had already crossed two lanes of traffic when Haugland drove through the crosswalk. Next, the court applied the factors of direction, speed, and proximity to determine whether the officer had the right-of-way. In its analysis, the court emphasized that the officer was walking in a direction toward and was only one lane away from Haugland's lane of travel. Although Haugland correctly notes the lack of evidence in the record as to the relative speeds of Haugland and the officer, the record is not entirely void of testimony relating to speed. The observing officer testified that the speed limit was twenty-five miles per hour, Haugland did not slow down as he approached the crosswalk, and when the officer crossing in the crosswalk saw Haugland's vehicle approaching, he began to back up. Although the court did not explicitly reference each of these points the observing officer testified to, it did find that "apparently when [the officer crossing in the crosswalk] saw [Haugland]'s vehicle coming, he did back up." Therefore, the court concluded that "[t]he circumstances of direction, speed and proximity [gave] rise to danger of collision." We agree. The district court's findings are supported by the record. The district court correctly denied Haugland's motion to suppress.

### III.

### CONCLUSION

We affirm the district court's order denying Haugland's motion to suppress. Accordingly, Haugland's conviction is affirmed.

Chief Judge GUTIERREZ and Judge LANSING concur.