**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43944**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 750 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 26, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GERALD EDWARD VOSS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Gerald Edward Voss appeals from his conviction for felony driving while under the influence (DUI). Specifically, Voss asserts that the district court erred in denying his motion to suppress. For the reasons set forth below, we affirm.

An officer observed Voss driving in a 35 mph zone and took a radar reading, which indicated Voss was driving 45 mph. The officer stopped Voss for speeding and ultimately arrested Voss for DUI. Voss filed a motion to suppress evidence from the stop, arguing that the officer did not have reasonable suspicion to initiate the traffic stop. Specifically, Voss argued that he was permitted to drive 45 mph because the speed limit sign increasing the speed limit to 45 mph was visible. The district court denied the motion to suppress. Voss pled guilty to felony

DUI, I.C. § 18-8004, reserving the right to appeal the district court's denial of his motion to suppress.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

In this case, the district court determined that the officer had a reasonable suspicion to stop Voss for speeding because the radar reading indicated Voss was driving 45 mph in a 35 mph zone. Mindful that the law does not support his argument, Voss contends that he was allowed to drive 45 mph when the 45 mph speed limit sign was within his line of sight. However, Voss acknowledges that the placement of the speed limit sign marks the new speed zone. *See State v. McCarthy*, 133 Idaho 119, 124, 982 P.2d 954, 959 (Ct. App. 1999). Thus, Voss was speeding, in

violation of I.C. § 19-654(2), when he was driving 45 mph in a 35 mph zone. The totality of the circumstances supports the district court's conclusion that the officer had reasonable suspicion to stop Voss. Voss has failed to show that the district court erred in denying his motion to suppress. Accordingly, Voss's judgment of conviction for felony DUI is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.