**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45497**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 20, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KEVIN JOSEPH WALSH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Kevin Joseph Walsh appeals from his judgment of conviction for possession of a controlled substance. Walsh argues that the district court erred in denying his motion to suppress evidence obtained during a traffic stop. Specifically, Walsh argues that the traffic stop was unlawful because it was not based on reasonable suspicion. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A police officer on patrol observed a car with a license plate partially obstructed by a trailer ball hitch. The officer changed lanes in an attempt to read the entire license plate. The car then crossed into the officer's lane of travel without signaling before moving back into its lane.

1

The officer initiated a traffic stop and made contact with the driver, Walsh. During the course of the traffic stop, the officer smelled the odor of marijuana. Walsh admitted to having marijuana in his pocket. Walsh was searched and the officer discovered marijuana, methadone pills, and drug paraphernalia. The State charged Walsh with felony possession of a controlled substance, misdemeanor possession of a controlled substance, possession of drug paraphernalia, and a persistent violator enhancement. Walsh filed a motion to suppress, claiming there was no basis for the stop because he "did have a trailer hitch but did not have a ball attached to the hitch" and because, based on snowfall reports from Weather Underground, "[o]ne can assume that there was snow on the street and [it was] difficult to see the dividing lines between lanes." The district court denied Walsh's motion. Pursuant to a plea agreement, Walsh entered a conditional guilty plea to felony possession of a controlled substance, reserving his right to appeal the district court's denial of his motion to suppress, and the State agreed to dismiss the other charges and the persistent violator enhancement. The district court imposed a unified term of seven years, with a minimum period of confinement of one year. Walsh appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Walsh contends that, although he is mindful the Court has held that a license plate which is partially obscured by a trailer ball hitch violates I.C. § 49-428(2) and a driver's failure to maintain his or her lane violates I.C. § 49-637(1), the district court nevertheless erred in denying his motion to suppress because the stop of his car was unlawful. Walsh claims this is so because

2

his fiancée testified that Walsh does not have a ball attached to his trailer hitch and because Walsh "asserted before the district court" that "one can assume that there was snow on the street and [it was] difficult to see the dividing lines between lanes." The State responds that the district court's factual findings regarding Walsh's driving behavior supported the district court's decision that the officer had reasonable suspicion for a traffic stop. We hold that Walsh has failed to show error in the denial of his motion to suppress.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

At the suppression hearing, Walsh's fiancée testified that she had never seen a ball on the trailer hitch on Walsh's car. The patrol officer who conducted the traffic stop testified that there was a ball on the hitch at the time of the stop and that Walsh veered into the officer's lane of travel without signaling. When asked about weather conditions, the officer testified that he "could see the distinct lanes, the dotted line," and did not recall any weather conditions other than it was cold. Based on the evidence presented, the district court stated that, although it did not believe it had to make a finding on the presence of the trailer ball, if it were to make a finding, it would be "that there was a ball on the hitch at the time that did obstruct the plates." The district court further found there was "unrefuted evidence that [Walsh] did drift into the other lane of traffic without properly signaling. That is an infraction. It is a legal and justifiable

basis to stop." On appeal, Walsh acknowledges that the district court's factual findings supported its conclusion that Walsh committed two infractions. Walsh's only argument is that there was contrary evidence from his fiancée regarding the trailer ball and that the brief filed in support of his motion to suppress stated an assumption that there was snow on the street which may have made it difficult to discern the lanes of travel. These arguments do not demonstrate error by the district court.

Our standard of review requires deference to the district court's factual findings when those findings are supported by substantial evidence. We also defer to the district court's credibility determinations and its resolution of conflicting evidence. The district court's factual findings regarding the trailer ball and Walsh's driving behavior are supported by substantial evidence. That Walsh presented conflicting evidence regarding the trailer ball and *speculated* about the condition of the roadway does not show error by the district court. The district court correctly concluded the officer had reasonable suspicion to conduct a traffic stop of Walsh's vehicle.

## IV.
## CONCLUSION

Because the officer had reasonable suspicion to conduct a traffic stop, the stop of Walsh's car was lawful. The district court did not err in denying Walsh's motion to suppress. Therefore, Walsh's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.