# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46636

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 4, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JON THOMAS DAMIAN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction for felony possession of methamphetamine, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jon Thomas Damian appeals from the judgment of conviction entered upon his conditional guilty plea to possession of methamphetamine. Damian argues the district court erred when it denied his motion to suppress. Because Damian fails to show error in the district court's decision, we affirm the district court's denial of Damian's motion to suppress and judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While on duty, an officer observed Damian driving a car. Damian stopped at an intersection and then made a turn without using his turn signal. The officer followed Damian and saw the vehicle straddle a lane during another turn. Damian then used his turn signal to

1

change lanes, but merged immediately after he activated the signal. The officer initiated a traffic stop.

Damian provided the officer with identification, and dispatch informed the officer that Damian was wanted on a warrant. The officer arrested Damian. The officer conducted a search of Damian incident to the arrest and discovered methamphetamine and a pipe in Damian's pocket.

The State charged Damian with felony possession of methamphetamine, Idaho Code § 37-2732(c), and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A. Damian filed a motion to suppress the physical evidence obtained, and the district court denied the motion.

Damian entered a conditional guilty plea to the charge of methamphetamine possession and preserved his right to appeal the district court's denial of his motion to suppress. Pursuant to the plea agreement, the misdemeanor charge of possession of drug paraphernalia was dismissed. The district court imposed a unified sentence of three years, with one year determinate. The district court suspended the sentence for a three-year term of probation. Damian timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Damian argues the district court erred when it denied his motion to suppress. Mindful of the relevant precedent on the issue, Damian nonetheless claims the evidence should have been suppressed because the traffic stop was unlawful.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The State presented evidence of three separate traffic infractions: (1) Damian failed to signal before turning; (2) Damian failed to maintain his lane; and (3) Damian did not wait the appropriate length of time to change lanes after signaling. The officer testified at trial regarding all three traffic infractions. As to the first traffic infraction, the officer testified that he watched Damian's car turn north without using a turn signal. The officer testified he followed Damian's car and watched Damian commit a second traffic offense--Damian turned westbound and straddled two lanes of traffic, such that his vehicle failed to maintain the lane during the turn. Following this turn, Damian used a turn signal and changed lanes. However, the officer testified the lane change resulted in a third traffic infraction, because there was only a short distance from when Damian used a turn signal and when he began to merge and not the requisite 100 feet. The officer turned on his overhead lights and conducted a traffic stop after this third traffic violation.

In his memorandum in support of the motion to suppress, Damian argued the officer did not have reasonable suspicion to conduct a traffic stop because the officer was mistaken to believe Damian committed three traffic offenses. Damian claimed he used his turn signal, did not cross the line or straddle two lanes during the turn, and was forced to quickly change lanes due to the layout of the road. Damian also argued his conduct fell within the broad range of normal driving behavior. At the hearing on the motion to suppress, Damian testified and

3

presented a video depicting some of the events in question. Damian testified that he used his turn signal before turning, and thus, he did not commit the first traffic offense. For support, Damian played a video intending to show that he activated his turn signal. Damian also testified that, because the turn approached within fifty or sixty feet, he did not have enough space to use his turn signal for the requisite 100 feet.

The district court was not persuaded by Damian's arguments. The district court denied Damian's motion to suppress and explained:

> When viewed under the totality of the circumstances at the time of the stop, [the officer] had a reasonable and articulable suspicion that the vehicle was being driven contrary to traffic laws. [The officer] pulled over Mr. Damian for three traffic violations. Any of the three reasons was sufficient. The stop was justified.

According to Damian, the district court erred because the officer did not have reasonable suspicion Damian committed a traffic infraction. We disagree. The officer testified that he witnessed Damian commit multiple traffic infractions. The district court found the officer's testimony to be credible and thereafter denied Damian's motion to suppress. The district court's factual findings are supported by substantial evidence, and thus, we accept these findings on appeal. Furthermore, because we defer to the trial court to assess the credibility of witnesses, resolve factual conflicts, weigh evidence and draw factual inferences, and because Damian presents no evidence the district court erred, we affirm the district court's decision.

## IV.

## CONCLUSION

We affirm the district court's denial of Damian's motion to suppress and judgment of conviction.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

4