# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47406

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

TONY JAMES GIFFORD,

        Defendant-Appellant.

)
)  **Filed:  December 31, 2020**
)
)  **Melanie Gagnepain, Clerk**
)
)  **THIS IS AN UNPUBLISHED**
)  **OPINION AND SHALL NOT**
)  **BE CITED AS AUTHORITY**
)
)

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County.  Hon. Steven Boyce and Hon. Gregory W. Moeller, District Judges.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

     Tony James Gifford appeals from his judgment of conviction for possession of a controlled substance.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

     An officer and a civilian who was accompanying the officer on a "ride-along" observed a van leave a gas station and turn onto a road without signaling.  Gifford was driving the van and his father was a passenger.  The officer initiated a traffic stop and learned that Gifford's driver's license was suspended and that he was on probation.  The officer contacted Gifford's probation officer, who gave permission to search the van.  The search revealed methamphetamine and

1

syringes. The State charged Gifford with possession of a controlled substance, possession of drug paraphernalia, and driving without privileges.

Gifford filed a motion to suppress, contending that the officer lacked reasonable suspicion to conduct a traffic stop because Gifford had signaled before turning onto the road. After the district court denied the suppression motion, Gifford entered a conditional guilty plea to possession of a controlled substance, I.C. § 37-2732(c)(1), and retained the right to appeal the denial of his motion to suppress. In exchange for Gifford's guilty pleas, the State dismissed the remaining two counts. Gifford appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

"Mindful that substantial evidence in the record supported the district court's factual finding that [he] did not use his turn signal for at least five continuous seconds," Gifford contends on appeal that the officer lacked reasonable suspicion to conduct a traffic stop. The State responds that substantial evidence supports the district court's finding. We hold that Gifford has failed to show the district court erred in denying his motion to suppress.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is

2

being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The basis for the traffic stop was I.C. § 49-808(2), which requires a vehicle to signal for at least five seconds prior to turning from a parked position onto a road. At the evidentiary hearing, both the officer and the accompanying civilian testified that the van driven by Gifford did not have its turn signal activated prior to turning onto the road. On the other hand, Gifford and his father testified that Gifford had activated the van's turn signal prior to turning. However, both indicated that the van's turn signal was faulty--Gifford testified that turning the steering wheel "sometimes clicks that blinker off a little premature," and Gifford's father admitted that the driver often has "to hold the turn signal down continuously to make it work." The district court found that the turn signal did not function for the required five seconds before the van turned onto the road.

The district court is the arbiter of conflicting evidence; its determination of the weight, credibility, inferences, and implications thereof will not be supplanted by this Court's impressions or conclusions from the written record. *State v. Howard*, 155 Idaho 666, 673, 315 P.3d 854, 861 (Ct. App. 2013). Gifford's and his father's testimony that the turn signal was malfunctioning and the officer's and accompanying citizen's testimony that the van did not have its turn signal activated provides substantial evidence for the district court's finding that the turn signal did not function for at least five seconds. Thus, we will not disturb this finding on appeal. *See Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Consequently, Gifford has failed to show the district court erred in denying Gifford's motion to suppress based on its factual finding that the van failed to signal for at least five seconds.

3

## IV.

## CONCLUSION

Substantial evidence supports the district court's finding that Gifford failed to signal for at least five seconds prior to turning onto the road. Thus, Gifford has failed to show that the district court erred in denying his motion to suppress. Consequently, Gifford's judgment of conviction for possession of a controlled substance is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.