756 P.2d 1083

STATE of Idaho, Plaintiff–Respondent.

v.

Michael Lee MONTAGUE,
Defendant–Appellant.

No. 16710.

Court of Appeals of Idaho.

June 16, 1988.

Van G. Bishop, Public Defender, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## SUBSTITUTE OPINION

The Court's prior opinion, dated May 2, 1988, is hereby withdrawn.

BURNETT, Judge.

This appeal presents a procedural question concerning reconsideration of a motion to suppress evidence, and a substantive question regarding probable cause to make an arrest. The appeal was filed after Michael Montague entered a conditional plea of guilty to a charge of possession of heroin. Montague reserved the right to appeal an order denying his motion to suppress evidence seized incident to arrest. For reasons explained below, we uphold the district court's ruling on the suppression motion and we affirm the judgment of conviction.

■ The underlying facts may be stated briefly. An officer of the Caldwell police department was dispatched to investigate a citizen complaint of suspicious activity involving three men near a rest room in a public park. After the officer arrived at the park, he tried to enter the rest room but his way was blocked by a man standing in the entrance. The man was unresponsive to the officer's questions and he refused to move out of the way. The officer pushed him into the rest room. Once inside, the officer heard the voices of men conversing and saw two figures standing in a toilet stall that had no door. One man stepped out of the stall, while the other appeared to unzip his pants and sit on the toilet. The officer told the man emerging

from the stall to put his hands against the wall.[1] At that point the man dropped a hypodermic needle to the floor. The officer then walked to the open entry of the stall and looked inside. There he saw Montague seated on the toilet with his pants lowered to his ankles. The officer noticed track marks on Montague's arms. He also observed that the bottom half of a cut soda pop can had been placed on top of the toilet paper dispenser near Montague. The bottom of the can appeared to be burned. The officer was aware, based on his training, that aluminum cans often are used to melt heroin or other drugs prior to injection by syringe.

Based on what he had just observed, the officer inferred that the two men in the stall were in possession of narcotics paraphernalia, a misdemeanor. As defined in I.C. § 37–2701(bb)(11), "drug paraphernalia" includes hypodermic syringes. In appropriate circumstances, a cut and burned aluminum can also may be covered by this statute, which applies to "all equipment, products and materials of any kind which are used, intended for use, or designed for use in ... preparing ... or otherwise introducing into the human body a controlled substance...."

The officer ordered Montague to stand next to the man outside the stall and to place his hands against the wall. Montague eventually complied, but first flushed the toilet and pulled up his trousers. Believing all three men to be involved in narcotics activity, the officer, with newly arrived assistance, handcuffed and searched each individual. When Montague was searched, the officer discovered a small packet of heroin in his shirt pocket.

Montague was charged with possession of heroin. Prior to trial he moved to suppress the evidence seized during the search of his person. The motion initially was granted. However, the prosecution then requested the trial court to reconsider its decision. The court did so and eventually denied the suppression motion. Montague then decided to enter a conditional plea. This appeal followed.

## I

■ Montague first raises a procedural challenge to the manner in which the district court handled the suppression question. Specifically, Montague contends that the trial court did not have authority to entertain the state's request for reconsideration of the suppression ruling. Apparently, Montague would have us hold that because such a request is not specifically mentioned in the rules of criminal procedure, a trial court is without power to act upon it. This position is without merit.

Montague relies upon this Court's decision in *State v. Nelson*, 104 Idaho 430, 659 P.2d 783 (Ct.App.1983). He argues that *Nelson* holds a request for reconsideration to be, in essence, a procedural nullity. However, our opinion in *Nelson* nowhere stated that such a request cannot be made. Rather, we said that because the request is not specifically recognized in the civil or criminal rules, it does not terminate the time for filing a notice of appeal from a suppression order under I.A.R. 14(a). This does not mean that the trial court is powerless to entertain such a request when made.

The Federal Rules of Criminal Procedure, upon which the Idaho Criminal Rules are based, similarly omit mention of motions or requests for reconsideration. However, the federal courts have held that a trial court is free to entertain such a motion when made. *E.g., United States v. Scott*, 524 F.2d 465 (5th Cir.1975). On appeal, the federal standard for reviewing a trial court's decision to reconsider is whether there has been an abuse of discretion. *United States v. Rabb*, 752 F.2d 1320 (9th Cir.1984), *cert. denied*, 471 U.S. 1019, 105 S.Ct. 2027, 85 L.Ed.2d 308 (1985). We believe the federal approach is sound.

---

1. Montague asserts that the officer had no articulable basis to detain the man who emerged from the stall. However, we need not decide that question. Montague has made no showing that his personal constitutional rights were infringed by the detention. A defendant has no automatic standing to challenge the seizure of another's person or property. *See generally United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

In the present case, the state filed a brief in support of its request for reconsideration, citing authority not previously brought to the trial court's attention. The state also presented an affidavit from the arresting officer which included information not earlier provided in opposition to the suppression motion. The judge was not bound to consider this new information. Indeed, the state ran a risk in not making its best presentation when the suppression motion was originally heard. However, the judge had discretion to reexamine his prior ruling and to consider all information pertinent to the subject. We find no abuse of that discretion in this case.

## II

We now turn to the substantive merits of the suppression issue. The judge ruled that the officer had probable cause to arrest Montague for possession of drug paraphernalia and that the discovery of heroin, during a search incident to the arrest, was lawful. On suppression questions, our review of probable cause determinations is bifurcated. We defer to the lower court's findings of fact when supported by substantial evidence. However, we exercise *de novo* review over the question whether the facts as found are sufficient to constitute probable cause. *E.g., United States v. Greene,* 783 F.2d 1364 (9th Cir.), *cert. denied,* 476 U.S. 1185, 106 S.Ct. 2923, 91 L.E.2d 551 (1986). In determining whether probable cause existed, our inquiry turns on whether the officer possessed facts that would lead a person of ordinary prudence to entertain an honest belief that the suspect has committed a crime. *State v. Loyd,* 92 Idaho 20, 435 P.2d 797 (1967). Of course, an officer may draw reasonable inferences from the facts in his possession, and those inferences may be informed by the officer's experience and law enforcement training. *See United States v. Ortiz,* 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975).

Here, the officer possessed numerous facts from which a legitimate inference could be drawn. As we have noted, the officer was dispatched to investigate a report of suspicious activities by three men at a public rest room. The officer's way into the rest room was temporarily blocked by one of the individuals. After the officer entered, he found two other persons conversing inside a doorless toilet stall. One of the men dropped a syringe. The other, Montague, unzipped his trousers and appeared to make use of the toilet just as the officer approached. The officer observed track marks on Montague's arms as well as a cut-off soda pop can with a singed bottom. The can was within Montague's reach atop the toilet paper dispenser. Upon these facts we believe, as did the district court, that a reasonable and prudent person, possessing the officer's knowledge regarding drug paraphernalia, would believe that Montague and the other man in the toilet stall were jointly engaged, or had attempted to engage, in narcotics activity.[2] Although this was not the only conceivable inference to be drawn from the facts, it was a probable and plainly reasonable inference. It was more than mere suspicion.

The officer was empowered by two statutes to arrest Montague upon probable cause. Idaho Code § 19–603 authorizes a peace officer to effect a warrantless arrest for any public offense—whether felony or misdemeanor—committed or attempted in his presence. More broadly, the Uniform Controlled Substances Act provides that a law enforcement officer may arrest "without warrant for any offense under [the] Act *committed in his presence, or if he has probable cause to believe that the person to be arrested has committed or is committing* a violation of [the] act which may constitute a ... misdemeanor." I.C. § 37–2740 (emphasis added). Under these statutes, an officer may draw a reasonable inference from observed facts to determine

---

**2.** Montague argues that the officer never saw him exercising direct physical control over the syringe or the cut-off can. However, constructive possession may be established upon circumstantial evidence that the accused was not merely a bystander but, rather, had the power and the intent to exercise dominion or control over the contraband items. *E.g., State v. Garza,* 112 Idaho 778, 784, 735 P.2d 1089, 1095 (Ct.App. 1987).

that a crime is being, or has just been, committed or attempted.

Accordingly, we conclude that Montague's arrest was lawful. The ensuing search of his person, incident to the arrest, was valid under an exception to the warrant requirement. *E.g., State v. Crabb,* 107 Idaho 298, 688 P.2d 1203 (Ct.App.1984). Therefore, the heroin seized during the search of Montague need not have been suppressed. The judgment of conviction, entered upon Montague's conditional plea of guilty, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.