IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38658

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 581 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 7, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALAN A. CREEL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Order denying motion to suppress, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Chief Judge

Alan A. Creel appeals from the district court's denial of his motion to suppress and the judgment of conviction entered following his conditional guilty plea to possession of marijuana in excess of three ounces, Idaho Code § 37-2732.

I.

FACTUAL AND PROCEDURAL BACKGROUND

A deputy conducted a traffic stop of Creel's vehicle, a black Chevrolet S-10 pickup. The deputy had been following the vehicle and ran its license plates on his mobile data terminal. The vehicle's registration information indicated that the pickup should have been red in color instead of black. Based upon this information, the deputy initiated the traffic stop. The deputy spoke to the driver, Creel, who explained that he had recently painted the vehicle by rolling on black truck-bed lining. While speaking with Creel, the deputy smelled the odor of marijuana. A

1

subsequent search of Creel's vehicle resulted in the seizure of approximately seven ounces of marijuana.

Creel was charged with one count of possession of marijuana in excess of three ounces, I.C. § 37-2732(e). He filed a motion to suppress, asserting that the traffic stop was illegal. Creel argued that the fact his vehicle had been painted black did not provide the deputy with reasonable, articulable suspicion to conduct a traffic stop. The district court found that the deputy had an objectively reasonable and articulable suspicion to conduct the stop and denied Creel's motion to suppress. Creel subsequently entered a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress. Creel timely appeals.

## II.

## ANALYSIS

Creel asserts that the district court erred by denying his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those

2

inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). Suspicion will not be found to be justified if the conduct observed by the officer fell within the broad range of what can be described as normal driving behavior. *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286.

Creel contends that the district court erred by ruling that the deputy had reasonable suspicion to conduct the traffic stop simply because the color of the vehicle did not match the color listed on the vehicle's registration. The deputy testified at the evidentiary hearing that there was a color discrepancy between the vehicle he was following and the vehicle's registration. He further testified that, due to this discrepancy, the vehicle could have had fictitious license plates in violation of I.C. § 49-456(3), or the vehicle could have been stolen and the plates were from another S-10 pickup. Thus, the deputy had articulable facts within his knowledge and drew reasonable inferences based on his experience. Under a totality of the circumstances, the deputy had a reasonable and articulable suspicion to initiate the stop. We also note that our holding is in accord with other jurisdictions that have decided the precise question at issue here. *See, e.g.*, *Aders v. State*, 67 So. 3d 368 (Fla. Dist. Ct. App. 2011); *Andrews v. State*, 658 S.E.2d 126, 127-28 (Ga. Ct. App. 2008); *Smith v. State*, 713 N.E.2d 338 (Ind. Ct. App. 1999). Therefore, the district court properly denied Creel's motion to suppress.

### III.
### CONCLUSION

The deputy had reasonable suspicion to stop Creel's vehicle. Therefore, the district court properly denied Creel's motion to suppress. Accordingly, the district court's denial of Creel's motion to suppress is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**