IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40680

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 728 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 29, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMIE LEON PROFFITT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

In April 2012, two officers were driving on Franklin Road in Boise. The officer riding as a passenger observed Jamie Leon Proffitt make a lane change which the officer believed constituted an infraction. The officers initiated a traffic stop of Proffitt. During the stop, Proffitt did not follow an officer's instructions and the officers forcibly removed Proffitt from the vehicle and arrested him. The officers searched Proffitt incident to arrest and found a small amount of a white, crystalline substance. The substance tested presumptively positive for methamphetamine. The state charged Proffitt with possession of a controlled substance, I.C. § 37-2732(c), and resisting or obstructing officers, I.C. § 18-705. Proffitt filed a motion to suppress the evidence against him and the district court denied the motion. Proffitt pled guilty to possession of a controlled substance and the state dismissed the charge for resisting or obstructing officers. The district court imposed a unified term of seven years, with a minimum period of confinement of two years, suspended the sentence, and placed Proffitt on probation for seven years. Proffitt appeals, challenging the denial of his motion to suppress.

1

The standard of review of a suppression motion is bifurcated.  When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found.  *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court.  *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Proffitt only challenges district court's determination that the stop of his vehicle was proper.  A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures.  *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286.  Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws.  *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998).  The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop.  *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999).  The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer.  *Id*.  An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training.  *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).  Suspicion will not be found to be justified if the conduct observed by the officer fell within the broad range of what can be described as normal driving behavior. *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286.

The statute at issue, I.C. § 49-808(2), reads as follows:

> A signal of intention to turn or move right or left when required shall be given continuously to warn other traffic. On controlled-access highways and before turning from a parked position, the signal shall be given continuously for not less than five (5) seconds and, in all other instances, for not less than the last one hundred (100) feet traveled by the vehicle before turning.

Proffitt contends that, without testimony regarding the speed of his vehicle, there was insufficient evidence for the district court to conclude how far Proffitt traveled prior to his lane

2

change. Franklin Road is not a controlled-access highway and the state was required to prove the officer had a reasonable suspicion that Proffitt did not signal for 100 feet before changing lanes. At the hearing on the motion to suppress, the officer who observed Proffitt's lane change testified as follows. The officer was headed eastbound on Franklin Road and observed Proffitt's vehicle put its blinker on and quickly change lanes. The officer testified the time seemed less than five seconds and the vehicle appeared to travel less than 100 feet--estimating the distance at three times the length of the car. The officer further testified that she estimated Proffitt's distance traveled to be 40 feet and estimated the time to be two seconds. This is substantial and competent evidence from which the district court could determine the officer had reasonable suspicion that Proffitt violated I.C. § 49-808(2).

Proffitt argues the district court's finding of fact regarding the distance traveled (40 feet) is clearly erroneous. Proffitt's argument centers on the equation that distance equals the rate of speed multiplied by the time in motion. At the hearing on the motion to suppress, the officers testified that the speed limit on Franklin Road is either 30 mph or 35 mph. The officers also testified there was nothing remarkable about Proffitt's speed. From this, Proffitt points out that, if travelling 30 mph in two seconds time, a vehicle would have traveled 88 feet. Proffitt further notes that, if travelling 35 mph for a period of two seconds, a vehicle would have traveled 102.66 feet--a distance not considered an infraction. However, Proffitt's calculations rely upon the assumption that the officer's estimate of two seconds was precisely accurate and that the estimate of 40 feet was erroneous. It is equally plausible that the distance was accurate and the estimate of time was incorrect or, in the more likely scenario, both *estimates* were slightly off.

While Proffitt contends that the state must present proof of speed to demonstrate the distance traveled prior to a lane change, Proffitt is incorrect. Distance is the type of observation an officer can visually make without the need for resort to mathematical equations. The precision for which Proffitt argues is not required for a determination of reasonable suspicion. Thus, the district court did not err in denying the motion to suppress. Accordingly, we affirm Proffitt's judgment of conviction for possession of a controlled substance.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**