# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42202

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 18** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 6, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JODIE MARIE EDWARDS,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Jodie Marie Edwards was charged with possession of a controlled substance after officers discovered methamphetamine in her car. After the district court denied Edwards' motion to suppress evidence, she entered a conditional guilty plea preserving her right to appeal the denial of her suppression motion. On appeal, she argues that the methamphetamine evidence should have been suppressed because the officer unconstitutionally stopped her car.

## I.

## BACKGROUND

A sheriff's deputy observed Edwards while she was driving a pickup truck. The officer stopped the vehicle because it did not have any mudflaps or splash aprons behind the rear wheels and, given other features of the pickup, the officer concluded that Edwards had violated Idaho

1

Code section 49-949, which requires that some vehicles be equipped with certain "fenders or covers."

After stopping Edwards, the officer ran a records check and discovered that Edwards had an outstanding arrest warrant. The officer therefore arrested Edwards and a second officer performed an inventory search of the vehicle. Methamphetamine, marijuana, and a pipe were found.

Edwards was charged with possession of a controlled substance, Idaho Code § 37-2732(c)(1). She filed a suppression motion arguing that the evidence seized by the officers after her traffic stop should be excluded because the stop was unconstitutional. In lieu of a hearing, the parties submitted stipulated facts. On those facts, the district court denied the suppression motion. Edwards then entered a conditional guilty plea preserving her right to appeal the denial of the suppression motion.

## II.

## ANALYSIS

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Edwards was stopped because an officer believed that Edwards' vehicle did not comply with I.C. § 49-949, which requires that some vehicles be equipped with fenders or covers, such as mudflaps or splash aprons, over the rear wheels. The statute sets forth different rules for different categories of vehicles:

2

(1) It shall be unlawful for any person to operate or move or any owner to permit to be operated or moved, any motor vehicle, truck, bus, semitrailer or trailer, upon any highway without having the vehicle equipped with fenders or covers which may include flaps or splash aprons, over and to the rear of wheels, as follows:

(a) *On the rear wheels of every truck equipped with a body*, bus, trailer or semitrailer the fenders or covers shall extend in full width from a point above and forward of the center of the tires over and to the rear of the wheels to a point that is not more than ten (10) inches above the surface of the highway when the vehicle is empty.

. . . .

(c) *Behind all wheels of every motor vehicle other than trucks*, buses, semitrailers, or trailers, the fenders or covers shall extend in full width from a point above and forward of the center of the tire over and to the rear of the wheel to a point that is not more than twenty (20) inches above the surface of the highway, unless the bumper is a factory built bumper fastened directly to the frame of the vehicle pursuant to factory installation requirements.

I.C. § 49-949(1) (emphasis added).

Edwards concedes that her vehicle's "fenders or covers" did not "extend to a point which was not more than ten inches from the surface of the highway" and therefore did not satisfy I.C. § 49-949(1)(a). Nonetheless, she argues that her vehicle had legally sufficient fenders because it had a factory built bumper compliant with I.C. § 49-949(1)(c) and because its covers or fenders complied with another portion of the statute, I.C. § 49-949(2)(b).

Edwards' argument that is predicated on her vehicle's "factory built bumpers" is without merit because that portion of the statute does not apply to Edwards' vehicle. Below, Edwards stipulated that she was driving a pickup truck within the meaning of I.C. § 49-121(10)(c).[1] By law, a pickup truck is a truck. Idaho Code § 49-121(10) specifies that "Truck" means . . . (c) Pickup truck." Because Idaho Code section 49-949(1)(c) is expressly limited to "every motor vehicle other than trucks," it plainly does not apply in this case.[2]

---

[1]    The term "pickup truck" is defined as "every motor vehicle eight thousand (8,000) pounds gross weight or less which is designed, used, or maintained primarily for the transportation of property." I.C. § 49-121(10(c). In this case, the parties' stipulation of facts included a stipulation that Edwards' vehicle fell within this definition.

[2]    Even if the legislature intended to have the exception apply to trucks, the language it enacted unambiguously omitted trucks from the exception.

3

Edwards next argues that her truck was not required to comply with the provisions of I.C. § 49-949(1) because it complied with an alternative, I.C. § 49-949(2)(b). The latter statute details the size and construction requirements of fenders and covers:

> (2) Fenders or covers, as used in subsection (1) of this section, shall be deemed to be of sufficient size and construction as to comply with those requirements if constructed as follows:
>
>> . . . .
>> (b) The fender or cover is constructed as to be capable at all times of arresting and deflecting dirt, mud, water, or other substance as may be picked up and carried by wheels.

Edwards argues that a vehicle fully complies with the statute if it has either covers that are of sufficient length and width to comply with section 49-949(1) or it has covers that otherwise arrest or deflect road debris and thus satisfy section 49-949(2).[3]

Even assuming that Edwards' construction of the statute is correct, we conclude that the district court did not err by holding that the officer had reasonable and articulable suspicion to stop Edwards. As stated above, an officer may stop a vehicle if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws, *Cortez*, 449 U.S. at 417; *Flowers*, 131 Idaho at 208, 953 P.2d at 648, and the officer may rely upon reasonable inferences. *Montague*, 114 Idaho at 321, 756 P.2d at 1085. Here, the officer could have reasonably inferred that the installed equipment was insufficient under both section 49-949(1) and section 49-949(2)(b). On the facts to which the parties stipulated, the officer could directly observe that the covers or fenders were not long enough to comply with I.C. § 49-949(1)(a) and that the vehicle had no mudflaps or splash aprons at all. From these observations, the officer could reasonably infer that the installed equipment was not sufficient to arrest or deflect road debris. There is no evidence in the record to contradict this inference. Therefore, irrespective of how Idaho Code section 49-949(2)(b) is construed, we conclude that the stop was justified by reasonable and articulable suspicion.

---

[3] Below, the district court held that the statute imposed two separate obligations--that the covers must be *both* low enough to the road to satisfy I.C. § 49-949(1) *and* effective at deflecting road debris to satisfy I.C. § 49-949(2)(b). We do not decide that question of statutory interpretation as it was not fully briefed on appeal and is not necessary to the disposition of this appeal.

Edwards has shown no error in the district court's holding that the officer possessed reasonable and articulable suspicion to stop her vehicle. Therefore, Edwards' suppression motion was correctly denied. Accordingly, the judgment of conviction is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**