**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51222**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>RYAN OTTHO MORGAN,<br><br>　　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed:  February 12, 2025**<br><br>**Melanie Gagnepain, Clerk** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Steven J. Hippler, District Judge.

Order of the district court denying motion to suppress, <u>affirmed</u>; judgment of conviction for possession of fentanyl with intent to deliver, possession of cocaine with intent to deliver, and possession of drug paraphernalia, <u>affirmed</u>.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant.  Dennis Benjamin argued.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.  Kenneth K. Jorgensen argued.

---

GRATTON, Chief Judge

Ryan Ottho Morgan appeals from his judgment of conviction for possession of fentanyl with intent to deliver, possession of cocaine with intent to deliver, and possession of drug paraphernalia.  Morgan claims the district court erred in denying his motion to suppress.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

Officer Moss stopped Morgan for driving a vehicle with a suspended registration.  A short while after the initial traffic stop, Officer Johnson arrived with a drug dog (Rico).  Officer Johnson had Rico conduct an open-air sniff of the exterior of the vehicle.  After sniffing around the exterior of the vehicle, Rico gave a final alert on the passenger side door.  At this point, officers conducted

1

a search of the interior of the vehicle and found controlled substances and other items of drug paraphernalia.

Morgan was charged with two counts of possession of a controlled substance (fentanyl and cocaine) with the intent to deliver, Idaho Code § 37-2732(a), and possession of drug paraphernalia, I.C. § 37-2734A. Morgan filed a motion to suppress, contending that Officer Moss lacked reasonable suspicion to conduct a traffic stop, the drug dog conducted a trespass against the vehicle before its final indication (or final alert), and the officer unlawfully extended the stop by radioing for a drug dog. The State responded, asserting that Officer Moss had reasonable suspicion to conduct a traffic stop, the officers did not prolong the stop, and although Rico made contact with the vehicle (considered a trespass), probable cause to search Morgan's vehicle was established prior to any trespass. The district court held an evidentiary hearing and denied the motion. Morgan entered a conditional guilty plea, reserving the right to appeal the order denying the motion to suppress. Morgan appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Morgan argues that this Court should disavow the ruling in *State v. Ricks*, 173 Idaho 74, 77, 539 P.3d 190, 193 (Ct. App. 2023), review granted (May 17, 2023), review dismissed as improvidently granted (Dec. 14, 2023). In *Ricks*, this Court held that probable cause may exist even if the drug dog has not given its final indication pinpointing the odor's strongest source. *Id.* Instead, Morgan asserts that this Court should create a bright-line rule that a final indication is required. Alternatively, Morgan claims that an officer's subjective belief that a drug dog has

identified the presence of a controlled substance in a vehicle is insufficient for the court to determine probable cause existed in a case where the drug dog has not made a final indication. Additionally, Morgan asserts that Officer Johnson's opinion that Rico exhibited behaviors indicating the presence of controlled substances before his final indication is insufficient to establish probable cause to search. Finally, Morgan argues that if a final indication is not required to establish probable cause, the State failed to meet its burden of proving that Rico's behaviors were sufficient to establish probable cause prior to trespassing upon the vehicle.

**A.      Drug Dog Sniff Indication Requirements and Drug Dog Handler's Testimony**

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and, therefore, violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). A reliable drug dog's sniff of the exterior of a vehicle is not a search under the Fourth Amendment and does not require either a warrant or an exception to the warrant requirement. *See Illinois v. Caballes*, 543 U.S. 405, 409 (2005).

Article I, section 17 of the Idaho Constitution, similarly provides that:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue without probable cause shown by affidavit, particularly describing the place to be searched and the person or thing to be seized.

The automobile exception to the warrant requirement allows police to search a vehicle without a warrant when there is probable cause to believe the vehicle contains contraband or evidence of a crime. *United States v. Ross*, 456 U.S. 798, 823-24 (1982). Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise--in the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Probable cause is a flexible common-sense standard, requiring only a practical, nontechnical probability that incriminating evidence is present. *Id.*

In *Florida v. Harris*, 568 U.S. 237 (2013), the United States Supreme Court noted that evidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert and that if a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search. *Id.* at 246-47. Finally,

the Court in *Harris* ruled that, if the State has produced proof from controlled settings that a dog performs reliably in detecting drugs, and the defendant has not contested that showing, then the court should find probable cause. *Id.* at 248.

In *State v. Howard*, 169 Idaho 379, 384, 496 P.3d 865, 870 (2021), the Idaho Supreme Court recognized the distinction between a drug dog's general alert behavior and the dog's trained final indication. *Id.* The Court noted that the absence of a final indication is not *ipso facto* an absence of probable cause. *Id.* The Court also noted the testimony of the dog's handler is important for proving a dog's general alert to establish probable cause. The Idaho Supreme Court in *State v. Randall*, 169 Idaho 358, 369, 496 P.3d 844, 855 (2021), stated the drug dog handler's testimony was necessary "to explain why [the dog's] behavior was an objectively reliable indication that narcotics were present." *Id.*; *see also Howard*, 169 Idaho at 384, 496 P.3d at 870 (explaining that "[w]ithout objective evidence bearing on the reliability of [the dog's] behavior before his trained alert, we are left with little more than our intuition about the significance of that behavior"); *see also United States v. Thomas*, 726 F.3d 1086, 1098 (9th Cir. 2013) (holding that "[e]vidence from a trained and reliable handler about alert behavior he recognized in his dog can be the basis for probable cause").

Other courts that have addressed general alerting prior to final indication focus on the dog's behaviors, such as the dog's breathing, posture, and body movements when they are sniffing a vehicle. *See, e.g.*, *United States v. Holleman*, 743 F.3d 1152, 1154 (8th Cir. 2014) (noting dog stopped "dead in his tracks" and began "to really detail the area"); *Thomas*, 726 F.3d at 1087 (noting the "dog's tail and ears went up, his posture and breathing pattern changed, and he started 'air-scenting'"); *United States v. Parada*, 577 F.3d 1275, 1281 (10th Cir. 2009) (noting dog alerted on the driver's side front door by stiffening his body, breathing deeply, and attempting to jump into the window); *cf*. *Harris*, 568 U.S. at 240 (noting drug detection dog alerted by "signaling, through a distinctive set of behaviors, and that he smelled drugs" at the driver's side door). These signals are different than the final indication, which may include a dog sitting, lying down, or otherwise pointing to the odor's strongest source.

This Court in *Ricks* held that "language in *Randall* and *Howard* indicates the Idaho Supreme Court would adopt a rule allowing for probable cause based on a dog's general alert and despite the absence of a dog's final indication." *Ricks*, 173 Idaho at 77, 539 P.3d at 193. This Court concluded "a dog's signaling behavior of a general alert--such as the dog's breathing,

posture, body movements, and verbal responses--can constitute probable cause." *Id*. at 79, 539 P.3d at 195. Morgan argues that this Court should disavow the ruling in *Ricks* and instead implement a bright-line rule that requires a final indication prior to establishing probable cause.[1] The reasonableness standard of the Fourth Amendment in general, and the probable cause standard in particular, are based on the totality of the circumstances and not bright-line rules. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983) (the "totality-of-the-circumstances approach is far more consistent with our prior treatment of probable cause than is any rigid demand that specific "tests" be satisfied). Additionally, Morgan's advocacy for a bright-line rule cannot be reconciled with *Harris*, 568 U.S. at 244-45, where the United States Supreme Court rejected application of an "evidentiary checklist" because it is the "antithesis of a totality-of-the-circumstances analysis." The Court reiterated that it has "rejected rigid rules, bright-line tests, and mechanistic inquiries in favor of a more flexible, all-things-considered approach." *Id.* Thus, we decline to disavow *Ricks* or create a bright-line rule that a final indication is necessary to establish probable cause.

Moreover, Morgan's suggestion that requiring a final alert creates a bright-line rule is inaccurate. Such a "bright-line" rule would only establish a prerequisite to a probable cause determination, it would not, as Morgan acknowledges, establish probable cause. A totality of the circumstances analysis would still be required before a probable cause determination could be made.

Morgan next claims that an officer's subjective belief that a drug dog has identified the presence of a controlled substance in a vehicle is insufficient for the court to determine probable cause existed in a case where the drug dog has not made a final indication. Morgan contends that this Court should hold that a subjective belief that the drug dog has exhibited such behaviors should never be sufficient to establish probable cause, even if a final indication is not required. Otherwise, Morgan argues, the only way to counter such subjective belief would be to catalogue all drug dogs and their pre-indication behaviors to compare whether the dog acted accordingly in the instant matter. Without such objective evidence, Morgan argues, the court will not have an independent and unbiased source of evidence of what the dog did on other occasions that was sufficient to establish probable cause.

---

[1]     Morgan speculates that the Supreme Court dismissed review as improvidently granted in *Ricks* as a result of concessions made by Ricks that eliminated the Court's opportunity to overrule our decision in that case. We have no basis to endorse Morgan's speculation.

An officer's testimony that a dog's behavior demonstrates detection of controlled substances prior to a final indication is no different in character or more subjective than the officer's testimony as to what behavior constitutes a final indication or what it means. In *Ricks*, this Court concluded that "a dog's signaling behavior of a general alert--such as the dog's breathing, posture, body movements, and verbal responses--can constitute probable cause." *Ricks*, 173 Idaho at 79, 539 P.3d at 195. We further concluded that the deputy's "testimony about the dog's signaling behavior provided objective evidence of the dog's general alert to the presence of the odor of drugs emanating from the vehicle before the dog entered the vehicle and supports a probable cause finding." *Id*. at 80, 539 P.3d at 196. Morgan's claim that the officer's "subjective" belief is inappropriate or inadequate is without merit. The officer's testimony as to the drug dog's characteristics, behaviors, and their meaning, based on training and experience is appropriately considered by the court in making the probable cause determination.

## B.     Probable Cause in this Case

Morgan contends that the evidence in this case is insufficient to establish probable cause to search. Morgan first argues that the evidence is insufficient to establish that Rico exhibited behaviors indicating the presence of controlled substances prior to final indication. He also asserts that the facts show that Rico trespassed on his vehicle before sufficiently indicating the presence of controlled substances.

The district court reviewed the video evidence and considered the officer's testimony in concluding that Rico's behavior indicated the presence of controlled substances. We agree and conclude substantial evidence supports the district court's probable cause finding in this case. During the suppression hearing, Officer Johnson testified that three and one-half years prior, he and Rico, who was then one year old, went through their initial training and became certified as a canine unit.[2] Moreover, Officer Johnson testified that, each year, he and Rico must be recertified as a team, and must pass with 100% accuracy. He and Rico have never failed any of their four recertifications, and they formally train together once a week. Morgan has not challenged the evidence proving the dog's ability or reliability. As noted in both *Howard* and *Randall*, the testimony of the dog's handler is paramount in explaining why the dog's behaviors were an

---

[2]     Officer Johnson testified the initial training and certification process consists of a minimum of 400 hours of training.

objectively reliable indication that narcotics were present. *See Howard*, 169 Idaho at 384, 496 P.3d at 870; *Randall*, 169 Idaho at 369, 496 P.3d at 855; *see also Harris*, 568 U.S. at 246.

Additionally, as noted in *Ricks*, evidence of the drug dog's signaling behavior generally alerting to the odor of drugs supports the district court's probable cause findings. Officer Johnson specifically noted Rico's inherent changes in behavior that he only demonstrates when he detects drug odor. These include an intentional hard pull towards the odor, closed-mouth rapid breathing, and bracketing between the edges of the scent cone with his head snapping back and forth. The district court noted that as soon as Rico reached the front bumper of the vehicle Morgan was driving, his breathing changed from normal, open mouth to rapid, mostly closed mouth breathing. Further, Rico bracketed back and forth on the bumper, or at minimum between the bumper and the driver's side door. Rico continued the sniff by doubling back briefly at the driver's side door, before moving to the rear bumper. As he rounded the rear bumper, Rico pulled hard toward the passenger door and around the front bumper. At this point, Rico's breathing seemed to become deeper as he sniffed the seam of the driver's side door.

Morgan does not argue that the district court's factual findings are incorrect, rather Morgan believes that Officer Johnson's interpretation of his dog's behaviors is inadequate to determine probable cause. The testimony of the officer, who may draw inferences based on experience and knowledge, along with the drug dog's indications are sufficient to determine probable cause in this case. *See Ornelas v. United States*, 517 U.S. 690, 700 (1996); *see also United States v. Ortiz*, 422 U.S. 891, 897 (1975); *State v. Maahs*, 171 Idaho 738, 745, 525 P.3d 1131, 1138 (2023). Officers are allowed to draw reasonable inferences from the facts and circumstances, and those inferences may be based upon the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). *See also State v. Danney*, 153 Idaho 405, 410, 283 P.3d 722, 727 (2012); *State v. Swindle*, 148 Idaho 61, 64, 218 P.3d 790, 793 (Ct. App. 2009). The district court did not err in finding probable cause existed based on Rico's behaviors and the officer's testimony.

Finally, Morgan asserts Rico trespassed on the vehicle prior to probable cause being established. Morgan further argues that this Court should review this issue de novo, and that this Court need not defer to the trial court's evaluation of the video evidence since it is reviewing the identical evidence, citing *State v. Anderson*, 164 Idaho 309, 429 P.3d 850 (2018). Morgan contends that we should review the district court's evaluation of the testimony under the traditional

deferential standard and separately review the video evidence de novo. Morgan misconstrues the Supreme Court's decision in *Anderson*. The Supreme Court did not create a bifurcated review of the district court's findings based upon the nature of the evidence. The Idaho Supreme Court recently held in *State v. Chavez*, ___ Idaho___, 560 P.3d 488 (2024), that because the district court heard and considered live testimony in ruling on the motion to suppress, it would not conduct a de novo review and would instead review the district court's factual findings and determine whether they were clearly erroneous. *Id.* at ___, 560 P.3d at 495. In arguing for the incorrect standard of review, Morgan fails to challenge the district court's factual findings under the clearly erroneous standard.

As to Morgan's trespass argument, *State v. Dorff*, 171 Idaho 818, 526 P.3d 988 (2023) is instructive. In *Dorff*, the Court held that a Fourth Amendment search occurs when a police drug-sniffing dog trespasses on the exterior of a vehicle. In that case, the Court held that the drug dog trespassed against the vehicle by jumping up and sniffing seams while his paws were planted on vehicle's exterior. Thus, although a drug dog's sniff of the exterior of the vehicle does not constitute a search for purposes of the Fourth Amendment, the Court held that a drug dog's sniff becomes a search when the drug dog trespasses against the interior or exterior of the vehicle during the sniff. *Id.* at 824, 526 P.3d at 994. However, even if a drug dog trespasses upon a vehicle during an open-air sniff, a subsequent search of the vehicle by law enforcement may still be justified if the officer had probable cause to believe illegal drugs were in the vehicle before the trespass. *Ricks*, 173 Idaho at 77, 539 P.3d at 193.

The State does not challenge that Rico put his paws on the vehicle prior to the final indication. Rather, the State argues, and the district court held, that probable cause was established by Rico's behaviors prior to any trespass. As noted, these behaviors included: an intentional hard pull towards the odor; closed-mouth rapid breathing; and bracketing between the edges of the scent cone with his head snapping back and forth.

As noted, Morgan does not argue that the district court's factual findings are clearly erroneous. Instead, in his appellate brief, Morgan provides only his view of what he believes the video shows, divorced from the officer's testimony. Morgan believes that the video does not conclusively show Rico exhibiting the behaviors that Officer Johnson testified to during the motion to suppress hearing. While Morgan recounts Rico's behaviors and their timing during the sniff, ultimately, he simply disagrees that the behaviors provided probable cause prior to the trespass.

Officer Johnson's testimony established the significance of Rico's behaviors, which the district court determined provided probable cause prior to the first trespass. The district court correctly found Officer Johnson's testimony, as well as the video evidence, supported the finding of probable cause prior to any trespass. Morgan has failed to demonstrate error by the district court in determining that probable cause existed prior to the trespass.

## IV.

## CONCLUSION

Substantial evidence supports the district court's probable cause findings. Accordingly, the district court's order denying Morgan's motion to suppress and his judgment of conviction are affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.