## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 48154

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 25, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NATHAN LEE HOWARD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Susan E. Wiebe, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Nathan Lee Howard appeals from his judgment of conviction for possession of a controlled substance. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

An officer observed Howard hauling a trailer load of firewood at night without a visible forest service permit. Aware that Howard had previously been warned for transporting improperly tagged wood and was under investigation for illegally harvesting firewood from federal forest service land, the officer stopped Howard based on the officer's suspicion that Howard had illegally harvested the trailer load of firewood. During the stop, a drug dog alerted to the presence of

1

controlled substances in the vehicle Howard was driving.[1]  Officers then searched the vehicle and discovered methamphetamine and drug paraphernalia.

The State charged Howard with felony and misdemeanor possession of a controlled substance and transporting forest products without a permit.  Howard filed a motion to suppress, challenging the legality of his detention.  The district court denied the motion, concluding that officers had reasonable suspicion to stop Howard for "stealing firewood from forest service land."  Howard subsequently entered a conditional guilty plea to felony possession of a controlled substance (I.C. § 37-2732(c)(1)), retaining the right to appeal the denial of his motion to suppress.  In exchange for his guilty plea, the State agreed to dismiss the other charges.  Howard appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated.  When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found.  *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court.  *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Howard argues that the district court erred by denying his motion to suppress because the officer who stopped Howard lacked reasonable suspicion to believe the wood in his trailer "was stolen from" the national forest.  The State responds that the district court properly concluded that the stop was lawful.  We hold that, based on the totality of the circumstances, the officer had reasonable suspicion to stop Howard to investigate whether he had illegally harvested firewood from a national forest.

---

[1]     Howard did not challenge the validity of the dog alert beyond his assertion that there was no reasonable suspicion for his detention in the first instance.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior so long as the detention is supported by reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws or that the individual is, has been, or is about to be engaged in criminal activity. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998); *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The district court concluded that, under the totality of the circumstances, there was reasonable suspicion to stop Howard. In support of this conclusion, the district court made findings relevant to the officer's belief that Howard was stealing lumber from the national forest to sell as firewood. The district court found that the officer was aware of an increase in thefts of timber from the national forest for sale as firewood. These thefts followed a pattern in which the perpetrators harvested the timber during the day, transported it to their residence where the timber was split into firewood, and then transported the processed firewood to buyers at night. The investigation of these thefts began with Howard, but eventually expanded to other individuals. The district court further found that the officer who stopped Howard was aware that, three weeks prior to the stop, an officer approached Howard while he was transporting wood taken from the national forest and warned him that he could not do so without a properly completed and displayed permit. Howard indicated to the officer that he intended to reuse his unmarked permits when he returned to collect more timber, which the officer informed Howard was illegal. Additionally, the officer who stopped Howard was aware that he was advertising firewood for sale on social media and had large amounts of wood in his yard "throughout the firewood cutting season." Regarding

3

Howard's conduct on the night of the stop, the district court found that the officer observed a vehicle Howard drives hauling a trailer loaded with firewood at night without a visible forest service permit for the wood. The district court noted that this conduct "matched the pattern of actions officers had observed during their investigation into firewood theft in the area." Consequently, the district court concluded that the officer had reasonable suspicion to stop Howard for stealing timber to sell as firewood.

Howard first argues that the absence of a "wood ticket" on the firewood he was hauling did not justify the stop and that it was not "a fact that added to reasonable suspicion." However, the district court concluded that the officer had reasonable suspicion to stop Howard regardless of the absence of a permit on the rear of his vehicle. Because we conclude that the district court's conclusion is correct for the reasons set forth below, it is unnecessary to address Howard's arguments regarding the absence of a forest service permit on his load of firewood.

Regarding the other circumstances contributing to the basis for the detention, Howard argues that "taking into account all the relevant facts, including the exculpatory facts," there was not reasonable suspicion for a stop. In support of this contention, Howard identifies various circumstances that he asserts undermined reasonable suspicion of criminal activity. For example, the officer who stopped Howard acknowledged he was "not 100 percent" sure of the source of the firewood on Howard's trailer and did not testify to circumstances indicating Howard *lacked* a permit for the firewood. At best, the circumstances Howard identifies suggest the possibility that he was not or had not engaged in criminal conduct. However, the officer did not have to be absolutely certain of the source of the firewood in order to stop Howard and confirm or dispel his suspicions. *See Illinois v. Wardlow*, 528 U.S. 119, 126 (2000) (concluding the Fourth Amendment accepts risk that persons arrested or detained may be innocent). Nor does the existence of innocent explanations for Howard's conduct necessarily negate reasonable suspicion. *See State v. Danney*, 153 Idaho 405, 411, 283 P.3d 722, 728 (2012).

The facts found by the district court, considered under the totality of the circumstances, support a reasonable suspicion that Howard had illegally harvested the firewood on his trailer. An officer was aware Howard had previously admitted harvesting lumber from forest service land to sell as firewood, was under investigation for doing so, and was observed transporting a load of firewood at night. This conduct was consistent with the general pattern of other such thefts in the

4

area that had increased during the firewood harvesting season. Moreover, the officer was aware that Howard was advertising firewood for sale on social media and had large amounts of wood in his yard during the firewood cutting season. Howard has failed to show the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

The district court correctly concluded there was reasonable suspicion to stop Howard. Thus, Howard has failed to show that the district court erred by denying his motion to suppress. Accordingly, Howard's judgment of conviction for possession of a controlled substance is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.