**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48583**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 2, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSEPH ADAM BELCHER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction for unlawful possession of a firearm and trafficking in methamphetamine or amphetamine, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Joseph Adam Belcher appeals from his judgment of conviction for unlawful possession of a firearm and trafficking in methamphetamine or amphetamine. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Around 8:45 a.m. on a November day, a citizen reported a parked car with out-of-state license plates had been idling in her neighborhood with the driver slumped over in the driver's seat for the past four hours. Officers responded and found Belcher sitting in the driver's seat "with his eyes closed and head moving slightly." One officer noticed two guns on the center console and announced his presence, awakening Belcher. After asking some questions, the officer commented that Belcher seemed to be "out of it" and asked him if he needed medical attention. Belcher

1

responded that he did not. The officer asked Belcher to exit the car. Belcher complied, and the officer placed Belcher in handcuffs.

During the ensuing investigation, a drug dog arrived and alerted to the odor of drugs in the car in which Belcher had been sitting. A subsequent search of the vehicle uncovered 159.4 grams of methamphetamine and suspected drug paraphernalia. Ultimately, the State charged Belcher with unlawful possession of a firearm, trafficking in methamphetamine or amphetamine, possession of drug paraphernalia, and a sentencing enhancement for being a persistent violator.

Belcher moved to suppress evidence obtained during the encounter, contending that he was seized when the officer ordered Belcher to place his hands on the steering wheel and that the seizure was not justified by the officers' community caretaking function or reasonable suspicion of criminal activity. Belcher also argued that his detention was unlawfully prolonged. After the district court denied the motion to suppress, Belcher entered a conditional guilty plea to unlawful possession of a firearm, I.C. § 18-3316, and trafficking in methamphetamine or amphetamine, I.C. § 37-2732B(a)(4)(A), reserving the right to appeal the denial of his motion to suppress. As part of the plea agreement, the State dismissed the remaining charge and the sentencing enhancement. Belcher appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Belcher asserts that the district court erred when it denied his motion to suppress because the community caretaking function is not an exception to the warrant requirement and his detention

was not justified by a reasonable suspicion of criminal activity.[1] The State responds that Belcher's seizure was justified under both the officers' community caretaking function and a reasonable suspicion of criminal activity. We need not address the parties' arguments regarding the community caretaking function because we hold that Belcher's detention was justified by reasonable suspicion.[2]

An investigative detention is permissible if it is based upon specific, articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). An officer may draw reasonable inferences from the facts in the officer's possession to support reasonable suspicion, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the seizure. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The district court concluded that Belcher was detained when he was directed out of the vehicle and placed in handcuffs for officer safety reasons. Belcher does not challenge this conclusion on appeal. We, therefore, examine whether there was reasonable suspicion to justify Belcher's detention at that point.

At the suppression hearing, the officer who detained Belcher testified that he made contact with Belcher after receiving a report that he had been sitting in an idling vehicle for "about four hours" and appeared to be passed out or asleep. The officer further testified that, when he approached Belcher, the window was down and it appeared, based on the way Belcher's head was

---

[1] On appeal, Belcher also asserts the "district court erred by concluding" that "at no time before the canine alerted to the presence of drugs did the reasonable suspicion of the officers or the community caretaking concerns abate." Belcher, however, does not cite authority in support of an argument that the officers unlawfully prolonged the detention. As a result, Belcher forfeits consideration of that issue. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (noting that a party forfeits an issue on appeal if either authority or argument is lacking). Consequently, we do not address this issue.

[2] We note, however, that we previously rejected Belcher's argument that *Caniglia v. Strom*, ___ U.S. ___, 141 S. Ct. 1596 (2021), "should be interpreted as refuting the legal fiction of community caretaking in general," including searches and seizures of individuals and vehicles. *State v. Porter*, 169 Idaho 455, 468-69, 497 P.3d 209, 212-13 (Ct. App. 2021).

moving, that he was "going in and out of consciounsness" and was not just asleep. The officer explained that, based on his training and experience, Belcher's appearance could indicate he was "under the influence of any number of intoxicating substances." When the officer awakened Belcher, he seemed "confused, maybe a little bit lethargic," and had difficulty responding to the officer. Belcher also expressed confusion about the presence of the guns and claimed they did not belong to him. The district court concluded that, based on the information available to the officers at the time of Belcher's detention, there was reasonable suspicion of criminal activity, including reasonable suspicion of driving under the influence. Based on the specific, articulable facts, we agree that the officer had reasonable suspicion that Belcher was driving under the influence. *See* I.C. § 18-8004(1)(a), (5) (prohibiting being in the driver's position of a motor vehicle, with the motor running, while under the influence of alcohol, drugs, or any other intoxicating substances); *see also In re Clayton*, 113 Idaho 817, 748 P.2d 401 (1988) (holding officer had reasonable suspicion that a person was driving under the influence when, at 1:30 a.m., the officer observed a vehicle with the engine running with its headlights on and the driver asleep, with his head slumped forward, while seated in the driver's position).

In support of his argument that the district court erred in finding reasonable suspicion, Belcher relies on *State v. Fry*, 122 Idaho 100, 831 P. 2d 942 (Ct. App. 1991). In *Fry*, as officers approached a parked vehicle, the vehicle "attempted, unsuccessfully, to pull out of the parking space" and "jerked to a stop." *Id.* at 101, 831 P.2d at 943. After noticing the approaching officers, the driver restarted the vehicle. Inside the vehicle were guns on a gun rack. We held that the presence of guns, coupled with the unusual driving pattern and the attempt to leave after the driver noticed the officers, was not sufficient to establish reasonable suspicion. *Id.* at 104, 831 P.2d at 946. Other than the presence of guns, there is no similarity between this case and *Fry*. In this case, Belcher exhibited signs of being under the influence when the officers made contact with him. Those signs, coupled with the information provided to the officers prior to making contact with Belcher, gave rise to reasonable suspicion that he was driving under the influence. Belcher has failed to show that the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

Belcher has failed to show that the district court erred in concluding there was reasonable suspicion to detain him. Accordingly, Belcher's judgment of conviction for unlawful possession of a firearm and trafficking in methamphetamine or amphetamine is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.