**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49991**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>GREGORY ADAM BOYER,<br><br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed: September 26, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Order denying motion to suppress and judgment of conviction, <u>affirmed</u>.

Bond, Black & Nightingale; J.W. Bond, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Gregory Adam Boyer appeals from his judgment of conviction for possession of methamphetamine and possession of drug paraphernalia. Boyer argues the district court erred in denying his motion to suppress evidence obtained during an unlawful seizure, thus violating his constitutional rights provided by the Fourth Amendment to the United States Constitution and Article I § 17 of the Idaho Constitution. The order denying Boyer's motion to suppress and his judgment of conviction are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Gibson responded to a call from dispatch including information from a report made by an REI loss prevention officer who observed a subject in dark clothing near the cargo bay doors and thought the individual was suspicious and may be associated with previous burglaries. When Officer Gibson arrived on scene, he saw a truck parked between a Chevron station and REI. The Chevron and REI were closed, and this was the only vehicle in the parking lot. The truck appeared

1

to have just started or was already running when Officer Gibson arrived. As Officer Gibson conducted the investigation, the truck left the parking lot. Officer Gibson made a radio advisement to other officers to execute a stop on the truck.

Officer Lister saw the truck exit the parking lot without coming to a complete stop, drove behind the truck, and activated his overhead emergency lights. The truck kept driving for one and a half blocks after Officer Lister initiated the attempt to pull the truck over. Once the truck stopped, and as Officer Lister approached, he saw Boyer make furtive movements throughout the truck. Boyer was also slow in following Officer Lister's verbal commands. Boyer would not comply with Officer Lister's commands to keep his hands still and on the steering wheel. Officer Lister opened the truck's door and removed Boyer. After Boyer was secured in handcuffs, Officer Lister saw a glass pipe in plain view inside the truck; the pipe appeared to be a pipe used to ingest illegal narcotics. A canine unit responded to the location, conducted a sniff, and alerted. Officer Lister then searched the truck and located multiple cap syringes, a wig, multiple knives, a loaded pistol, and a clear plastic bag containing a crystal-like substance that tested presumptively positive for amphetamine.

Boyer sought suppression of evidence from the stop, arguing that the stop was executed in violation of his constitutional rights and was not based upon reasonable suspicion. After a hearing, the district court ruled the stop of Boyer's truck was legal because (1) officers had reasonable suspicion to believe Boyer was engaged in criminal activity at REI; and, alternatively (2) Boyer violated Idaho Code § 49-651 by failing to come to a complete stop before turning onto the street from the parking lot.

Thereafter, a jury convicted Boyer of possession of methamphetamine, I.C. § 37-2732(1)(A), and possession of drug paraphernalia, I.C. § 37-2734A.[1] Boyer appeals from his judgment of conviction, asserting the district court erred in denying his motion to suppress.

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

---

[1] Boyer initially entered a guilty plea, then the court granted his motion to withdraw his plea. The case proceeded to a jury trial where Boyer was found guilty.

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Boyer contends the district court erred by denying his motion to suppress evidence discovered during a search of his truck because the search was the product of an unlawful detention. Specifically, Boyer argues the officers unreasonably relied on the report from an REI loss prevention officer that there was a burglary because the loss prevention officer could not sufficiently describe the individual, the only criminal activity described by the loss prevention officer was that the individual he observed on video surveillance was a darkly clothed figure who may be a serial burglar responsible for several REI store robberies across the country, and the rest of the loss prevention officer's statements made clear he did not have any ability to identify the man on the video. Boyer asserts that, because officers could not rely on the information provided by the loss prevention officer, they did not have reasonable suspicion to conduct the traffic stop. Further, Boyer contends that Officer Lister's testimony that he observed Boyer commit a traffic infraction before initiating the stop was not credible because Boyer testified he stopped before entering the roadway and Officer Lister did not include any traffic violations in his report.

The Fourth Amendment to the United States Constitution and Article I, § 17 of the Idaho State Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and applies to the states through the Due Process Clause of the Fourteenth Amendment. U.S. CONST. amend. IV; *State v. Bishop*, 146 Idaho 804, 810, 203 P.3d 1203, 1209 (2009).[2] The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in

---

[2]     Although Boyer contends that both constitutions were violated, he provides no cogent reason why Article I, § 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Boyer's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). A limited investigative detention is permissible if it is based upon an officer's reasonable articulable suspicion that the detained person is, has been, or was about to be engaged in criminal activity. *Bishop*, 146 Idaho at 811, 203 P.3d at 1210. An officer's reasonable suspicion must be based on specific, articulable facts and the rational inference that can be drawn from those facts. *Id.*; *see also State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The quantity and quality of necessary information to establish reasonable suspicion is greater than a mere hunch or "inchoate and unparticularized suspicion" but less than what is necessary to establish probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)); *Bishop*, 146 Idaho at 811, 203 P.3d at 1210. Whether the officer possessed enough necessary information to establish reasonable suspicion is evaluated on the totality of the circumstances at or before the time of the stop. *Bishop*, 146 Idaho at 811, 203 P.3d at 1210.

A traffic stop by an officer constitutes a seizure of the truck's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a truck to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the truck is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The district court determined that Officer Lister had reasonable and articulable suspicion Boyer was driving contrary to traffic laws when he exited the parking lot without coming to a complete stop before entering the roadway.[3] Boyer asserts the district court erred in accepting

---

[3]      Idaho Code § 49-651 states:

Officer Lister's testimony that he witnessed Boyer failing to stop before entering the roadway. Boyer argues that Officer Lister was not credible because Officer Lister did not tell dispatch that he observed any traffic violation; did not tell Boyer after stopping him that he was stopped because of a traffic violation; did not tell other officers that he witnessed Boyer commit a traffic infraction; did not note the observation of a traffic violation in his police report; and first described having observed a traffic violation at the preliminary hearing. Boyer also points to his own testimony that he came to a complete stop.

The district court found Officer Lister's testimony was credible and "that [Boyer's] testimony is not as credible as the officers." The district court found that Officer Lister's testimony was corroborated by the circumstances. First, the district court accepted as reasonable and credible Officer Lister's explanation for why he did not include the traffic violation in his report and that his primary basis for pulling Boyer over was reasonable suspicion for involvement in the burglary. Second, Officer Lister consistently testified to observing the traffic stop, beginning with questioning from Boyer's counsel at the preliminary hearing. Third, Officer Lister's testimony about his observation of the way in which Boyer's truck left the parking lot was consistent with Officer Gibson's testimony. While Officer Gibson did not recall if he saw Officer Lister following Boyer out of the parking lot, Officer Lister had informed dispatch he "had eyes" on the truck and Officer Gibson had turned his attention back to investigating the burglary. Fourth, Officer Lister was familiar with I.C. § 49-651. Finally, the district court found that it was less likely Boyer came to a complete stop because he was apparently in a hurry due to the fact that he was in a state of partial undress. Based upon the district court's factual findings and its express finding that Officer Lister was credible, the district court held that Officer Lister had reasonable suspicion to conduct a *Terry*[4] stop due to an observed traffic violation.

We agree. Although Officer Lister did not cite Boyer for the traffic violation or reference it in his report, those were not prerequisites to the validity of that basis for the seizure. Officer

---

The driver of a vehicle emerging from an alley, building, private road or driveway within a business or residential district shall stop the vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across the alley, building entrance, or driveway, or in the event there is no sidewalk area, shall stop at the point nearest the highway to be entered where the driver has a view of approaching traffic.

[4]     *Terry v. Ohio*, 392 U.S. 1 (1968).

Lister disclosed this basis for a seizure in response to Boyer's cross-examination at the preliminary hearing, and he specifically testified to the violation in relation to the motion to suppress. The district court did not err in finding that Officer Lister was credible and had reasonable suspicion to conduct the traffic stop based on Boyer committing a traffic violation. This Court will not substitute its own credibility determinations for those of the finder of fact. *State v. Adamcik*, 152 Idaho 445, 460, 272 P.3d 417, 432 (2012).

Regardless of whether Officer Lister observed a traffic violation, the district court correctly concluded that the officers had reasonable suspicion to stop Boyer as a possible suspect of the burglary based on the loss prevention officer's information and the totality of the circumstances. A report received from an individual regarding suspected criminal activity may establish reasonable suspicion when it would warrant a person of reasonable caution in the belief that a stop was appropriate. *Bishop*, 146 Idaho at 811, 203 P.3d at 1210. A report received from a known citizen is generally sufficient to establish reasonable suspicion because the citizen's reputation can be assessed and may be subjected to criminal liability if the provided information is untruthful. *Id.* at 812, 203 P.3d at 1211. A report from a known citizen is presumed reliable. *Id.* Even though reports provided by known citizens are presumed reliable, the report's content and the citizen's basis of knowledge are examined under the totality of the circumstances to determine whether the report gives rise to reasonable suspicion. *Id.* Factors indicative of reliability include, among other things, whether the reporting party: (1) reveals his or her identity; (2) reveals the basis of his or her knowledge; (3) the location of the reporting party is known; (4) the information was based on personal knowledge of events as they occurred; (5) the information was subject to immediate confirmation or corroboration by police; (6) the reporting party has previously provided reliable information; (7) the provided information is predictive; and (8) the reporting party could be held criminally liable if the information provided is false. *State v. Huntley*, 170 Idaho 521, 527, 513 P.3d 1141, 1147 (2022).

The district court denied Boyer's motion to suppress after first making factual findings regarding the content of the loss prevention officer's (the citizen) report. Even though there was limited information provided, several factors here show the report was reliable. The information provided by the loss prevention officer included: (1) the loss prevention officer's identity, phone number, and location--loss prevention for REI in California; (2) the basis of their knowledge--a first-hand observation of a burglary from watching the REI store from live surveillance cameras;

6

(3) the information was subject to immediate confirmation by police who arrived at the scene within minutes of the call; (4) the information was "predictive" in that a person seen at the REI could foreseeably have been just outside the store upon the police officers' arrival and officers were aware of a history of burglaries at REIs throughout the northwest; and (5) the loss prevention officer could have been criminally charged if he made a false report to the police.

While the loss prevention officer's report standing alone was particularized to Boyer, the totality of the circumstances upon the officers' arrival at the scene establishes reasonable suspicion. The district court concluded Officer Gibson's suspicion was reasonable based on the information contained in the report and the circumstances existing at the time the officer arrived on scene. It was dark outside and after midnight; REI and Chevron were closed; REI had been burglarized three months earlier with entry made through a back door by use of a yellow crowbar; there was a bulletin regarding serial burglaries at REI facilities across the Northwest and Boise previously known to the officer; and the officer responded quickly to the scene. Additionally, when the officer arrived at the parking lot there was only one vehicle present (Boyer's truck) in the parking lot near the cargo bay door of the REI with its engine running. The officer did not see other individuals or vehicles near the area. The truck was then observed by Officer Gibson and Officer Lister pulling out of its parking space, then it "went around, pulled forward and went around the landscaping and then came back going eastward to then go south to turn right on Emerald." The district court correctly concluded that the totality of the circumstances gave the officers reasonable suspicion to detain Boyer to investigate his possible involvement in a suspected break-in at REI. Boyer has failed to show the district court erred in denying Boyer's motion to suppress.

## IV.
## CONCLUSION

The officers possessed specific, articulable facts providing reasonable suspicion of criminal activity, either because of the traffic violation or the suspected burglary, to justify Boyer's detention to confirm or dispel that suspicion. Thus, the traffic stop was not unlawful. The district court did not err in denying Boyer's motion to suppress, and the judgment of conviction is affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

7