**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51861**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Opinion Filed:  October 30, 2025** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| MORGAN THOMAS TUCKER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Barry McHugh, District Judge.  Hon. Susie Jensen, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Morgan Thomas Tucker appeals from the district court's denial of his motion to suppress arguing that the officer lacked reasonable suspicion to execute the traffic stop.  The State argues the officer had reasonable suspicion that Tucker was using a cell phone while driving.  We hold the district court did not err in denying Tucker's motion to suppress because the officer had reasonable suspicion that Tucker committed a traffic violation by using a cell phone while driving. The district court's order denying Tucker's motion to suppress and the judgment of conviction are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Clifton observed Tucker looking at his cell phone while driving and stopped Tucker for distracted driving, in violation of Idaho Code § 49-1401A(2).  Upon contacting Tucker, the

1

officer detected an odor of alcohol. Subsequent investigation revealed evidence that Tucker was intoxicated. Tucker was arrested and charged with felony driving under the influence (DUI), I.C. §§ 18-8004, -8005(9). Tucker filed a motion to suppress the evidence obtained from the traffic stop, arguing that the officer lacked reasonable suspicion to conduct the traffic stop.

The district court denied Tucker's motion to suppress, concluding the officer's observations that Tucker was using his cell phone while driving gave rise to reasonable suspicion of distracted driving. After the denial of his motion to suppress, Tucker entered a conditional guilty plea to felony DUI, retaining his right to appeal the denial of his motion to suppress. Tucker appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Tucker argues the district court erred in denying his motion to suppress because the district court incorrectly concluded there was reasonable suspicion based solely on the officer's testimony that Tucker was holding and looking at his cell phone while driving. Tucker further argues that the acts of holding and looking at his cell phone while driving does not constitute "use" of a mobile electronic device as prohibited by I.C. § 49-1401A. The State argues that holding and looking at a cell phone is use of a mobile electronic device as prohibited by I.C. § 49-1401A.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment to the United States Constitution's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate

2

possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

This Court has previously held that "using" a mobile electronic device means to "put into action or service," "avail oneself of," or "employ." *State v. Garitone*, 173 Idaho 187, 191, 539 P.3d 1007, 1011 (Ct. App. 2023). When that definition is applied, "I.C. § 49-1401A(2) unambiguously prohibits (with certain exceptions) a person from driving a motor vehicle while putting into service or otherwise employing a cell phone." *Id*.

Idaho Code § 49-1401A(2) provides, in pertinent part, that "except as provided in this subsection, a person shall not operate a motor vehicle while using a mobile electronic device." Under I.C. § 49-1401A(1)(a), the term "mobile electronic device" includes "cellular telephones" along with other specified consumer electronics but excludes other forms of electronic communication not at issue here. Tucker does not dispute that his cell phone qualifies as a "mobile electronic device." Similarly, according to I.C. § 49-1401A(1)(b), a person operates a motor vehicle by "driv[ing] or assum[ing] physical control of a motor vehicle upon a public way, street, road, or highway, including while temporarily stationary because of traffic, a traffic control device, or other momentary delays." Tucker does not dispute that he was operating a motor vehicle at the time of the stop. Thus, given that Tucker does not dispute that he was driving and that he had a cell phone, we consider whether the officer who stopped Tucker had a reasonable suspicion that Tucker was violating I.C. § 49-1401A(2) as we have interpreted its language.

During the suppression hearing, the officer testified that he was parked in a location that was elevated above the roadway. The officer testified that he was looking down at the vehicles as they passed by and when a PT Cruiser passed him, he observed the male driver "holding a cell phone in his right hand and appeared to be looking at it instead of looking outside through the windshield." The officer then initiated the traffic stop. When asked why he conducted the traffic

3

stop, the officer responded, "Because [Tucker] was holding his cell phone in his hand and staring at his cell phone instead of paying attention to the roadway." The officer then testified that he believed such conduct was in violation of the law.

The district court quoted the relevant part of I.C. § 49-1401A(2), and noted the exceptions discussed by the parties. The district court rejected Tucker's argument that the exceptions essentially rendered the statute vague, reasoning that reading the statute to allow someone to drive with one hand while carrying a navigation device in the other hand would not be a correct reading of the statute. The district court then referenced *Garitone* and concluded that "having a cell phone in one's hand coupled with the observation of the officer, which he did articulate on the stand that Mr. Tucker was looking down at the device, indicates to me that it was being used." The district court concluded that even if the phone was not on, holding the cell phone would "indicate that someone is using their cell phone, is checking to see if there is a notification, if something has happened." The district court also held that "holding it in your hand does indicate and especially combined with looking down at it does fit into the definition of use." The district court did not err.

Commonsense dictates that people generally do not go about their daily lives holding and looking at their cell phones without reason. One common circumstance in which someone would be holding and looking at the cell phone is that the person is checking something on his phone. Thus, it would not be unreasonable for an officer to infer that someone holding and looking at his cell phone is likely using his cell phone for some purpose. Moreover, such an inference need not be grounded in specialized law enforcement training or experience to be material because officers may rely upon commonly held knowledge acquired in their everyday lives to draw factual inferences that give rise to reasonable suspicion. *Kansas v. Glover*, 589 U.S. 376, 383 (2020).

That the officer did not observe what Tucker was using his cell phone for does not render the officer's inference that Tucker was using a cell phone unreasonable, nor does it preclude a finding of reasonable suspicion. *See id.* (explaining that the "fact the registered owner of a vehicle is not always the driver of the vehicle does not negate" reasonable suspicion because the "reasonable suspicion inquiry 'falls considerably short' of 51% accuracy"). Similarly, the officer's failure to testify that he observed for what purpose Tucker was using the cell phone does not negate the reasonableness of the officer's inference. If Tucker was holding and looking at his cell phone, it is unlikely he would do so without employing the device for some purpose. This is a

4

commonsense conclusion, based on reasonable inferences, that is permissible under the Fourth Amendment. Because the officer's observation of Tucker holding and looking at his cell phone before the traffic stop supports the officer's reasonable suspicion that Tucker violated I.C. § 49-1401A, we affirm the district court's order denying Tucker's motion to suppress.

## IV.

## CONCLUSION

Idaho Code § 49-1401A prohibits using a cell phone while driving. Tucker used his cell phone while driving by holding and looking at the cell phone while driving. The district court did not err in concluding the officer had reasonable suspicion that Tucker violated I.C. § 49-1401A when the officer executed the traffic stop on the vehicle Tucker was driving. The district court's order denying Tucker's motion to suppress and Tucker's judgment of conviction are affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.